Joann Feld, Esq.
44 Seward Drive
Dix Hills, NY 11746

Attorney for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Alvan BOBROW, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>**-against-**<br><br>POSTMATES, INC., a Delaware state corporation.<br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>Date Action filed: September 2, 2021<br><br>1:21-cv-7382 |

Plaintiff, Alvan Bobrow, hereby files this Class Action Complaint, individually, and on behalf of all others similarly situated—and makes these allegations based on personal knowledge, and information and belief and/or which are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery—against Defendant, Postmates, Inc. ("POSTMATES" or "Defendant"), as follows:

# I. INTRODUCTION

1. Defendant has made false, misleading statements in business advertisements that are likely to deceive reasonable people in Manhattan, New York. Defendant has deceptively, mistakenly and/or misleadingly represented and/or advertised that its POSTMATES-branded delivery application and website ("the Service") would deliver "Anything. Anytime. Anywhere.", when in fact, they do not, because the Service does not allow delivery of anything, anytime, or anywhere in Manhattan, New York.

2. Defendant's "Anything. Anytime. Anywhere." statement prominently displayed on the POSTMATE's advertisements, website and application to people in Manhattan, New York, is false, misleading, and likely to deceive reasonable people in Manhattan, New York, such as Plaintiff and members of the Class, because the Service is not able to deliver "Anything. Anytime. Anywhere." in Manhattan, New York.

3. The ability to deliver from vendors, including restaurants or kitchens, in Manhattan, New York ("NYC") is highly coveted, evinced by the operation of at least three other delivery services (i.e., Seamless, Caviar, and Uber Eats). Contrary to Defendant's express or implied representations, the POSTMATE's website and application cannot deliver anything, anytime, anywhere – and is POSTMATE's attempt to unfairly increase the value of their brand to people in Manhattan, New York, by deceiving the people of Manhattan, New York, into believing POSTMATES already has access to countless NYC vendors, while their competitors, such as Uber Eats, continue to legally contract with local businesses, costing them large sums, to fairly increase the value of their brands to people in Manhattan, New York.

## II. VENUE AND JURISDICTION

4. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

5. Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5). As set forth below, Plaintiff is a citizen of New Jersey, and POSTMATES can be considered a citizen of Delaware. Therefore, diversity of citizenship exists under CAFA and diversity jurisdiction, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A). Furthermore, Plaintiff alleges on information and belief that defendant is not a citizen of New York, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. §1332(d)(5)(B).

6. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff viewed, was injured by, and deceived by, POSTMATE's advertisements in this judicial district.

## III. PARTIES

7. Plaintiff is an individual more than 18-years-old, and is a citizen of New Jersey, who commutes into NYC on a frequent basis, orders lunch to his NYC office, and viewed, and was deceived by, POSTMATE's advertisements. Plaintiff respectfully requests a jury trial on all damage claims. During February 2019, Plaintiff viewed and was deceived by advertisements that claim that the Service can deliver products "Anything. Anytime. Anywhere.", when instead the Service is actually limited to certain vendors and delivery only within certain ranges. *See* **Exhibits 1 and 2**, *Scanned Copy of Marketing*, attached hereto and incorporated herein.

8. Plaintiff read and relied on the material misstatement that the Service could deliver "Anything. Anytime. Anywhere." Plaintiff has been damaged by the Service because the labeling and advertising for the Service was and is false and/or misleading under New York law; therefore, the Service is worth less than what the Service cost Plaintiff and/or Plaintiff did not receive what he reasonably intended to receive when viewing, talking about, sharing, downloading and/or utilizing the Service.

9. Defendant, Postmates, Inc., is a Delaware licensed corporation with its principal place of business located at 201 Third Street, Floor 2, San Francisco, CA 94103. POSTMATES lists with the Delaware Secretary of State a Registered Agent designated as The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801. Therefore, POSTMATES can be considered a "citizen" of the State of Delaware for purposes of diversity jurisdiction or diversity of citizenship.

10. POSTMATES is the owner, manufacturer and distributor of the Service, and is the company that created and/or authorized the false, misleading and deceptive labeling and

advertising for the Service and is the company that promoted, marketed, and sold the Service at issue in this judicial district.

11. POSTMATES labeling and advertising relied upon by Plaintiff was prepared and/or approved by POSTMATES and its agents, and was disseminated by POSTMATES and its agents through labeling and advertising containing the misrepresentations alleged herein. The labeling and advertising for the Service was designed to encourage people in Manhattan, New York to make purchases with the Service and reasonably mislead people in Manhattan, New York, i.e. Plaintiff and the Class.

12. Plaintiff alleges that, at all relevant times, POSTMATES and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of POSTMATES, and at all relevant times, each acted within the purpose and scope of that agency and employment. Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Service, as well as their respective employees, also were POSTMATES agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

13. Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, POSTMATES, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to make purchases with the Service by means of false, misleading, deceptive and fraudulent representations, and that POSTMATES participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

14. Whenever reference in this Complaint is made to any act by POSTMATES or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of POSTMATES committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of POSTMATES while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

15. POSTMATES manufactures, distributes, markets, advertises, and sells the Service, which claims to be able to deliver "Anything. Anytime. Anywhere." when in fact, it is not, because the Service will not deliver anything, anytime, anywhere in Manhattan, New York, where such Service is advertised.

16. Defendant's statements that it can deliver "Anything. Anytime. Anywhere." prominently displayed on the Service's main, primary screen (i.e., it is necessary to view to use the Service) and its other marketing, including packaging and/or labeling, is false, misleading, and likely to deceive reasonable people in Manhattan, New York, such as Plaintiff and members of the Class, because the Service does not allow delivery of "Anything. Anytime. Anywhere." in Manhattan, New York, as evinced by the options available in the Service.

17. Delivery of "Anything. Anytime. Anywhere." would mean to a reasonable NYC person that delivery was possible for anything sold in the local NYC stores to any NYC location since it is reasonable to believe a business could provide such a service, since competitors exist and do provide such services (e.g., TaskRabbit, Uber). In addition, NYC is known as the city that never sleeps, as Frank Sinatra famously wrote. Contrary to Defendant's express or implied

representations, the Service does not provide for delivery of "Anything. Anytime. Anywhere.", even in local NYC.

18. The Service does not provide delivery of "Anything. Anytime. Anywhere." The Service only provides delivery from a specific set of vendors at specified times and locations, and are thus not delivering "Anything. Anytime. Anywhere.", thereby causing the Service to fail to be able to deliver "Anything. Anytime. Anywhere."

19. Defendant manufactures, markets, advertises, distributes and sells the Service on the world-wide web throughout the United States and in this judicial district claiming to be able to deliver "Anything. Anytime. Anywhere." where the advertisement is marketed, specifically, on the website and application for the Service.

20. As a result, through a variety of advertising, including but not limited to the website, application, and other packaging and labeling of the Service, POSTMATES has made false and misleading material statements and representations regarding the Service that have been relied upon by Plaintiff and members of the Class.

21. Simply put, the Service does not deliver from local NYC vendors as shown to Plaintiff and members of the Class, and is thus not able to deliver "Anything. Anytime. Anywhere." Therefore, Defendant's advertising and labeling statement that the Service is able to deliver "Anything. Anytime. Anywhere." is deceptive and likely to mislead reasonable people in Manhattan, New York, such as Plaintiff and members of the Class.

22. Plaintiff, like members of the Class viewed and was deceived by the material misrepresentation that it was able to deliver "Anything. Anytime. Anywhere."

23. Plaintiff and members of the Class have been economically damaged by the false advertising, "Anything. Anytime. Anywhere."

24. NEW YORK'S GENERAL BUSINESS LAW § 349 provides for a minimum of $50 per violation if greater than the amount of actual damages from a deceptive business practice in New York.

25. At a minimum, Plaintiff contends that Defendant should cease labeling the Service as being able to deliver, "Anything. Anytime. Anywhere.", consistent with Defendant's competition.

26. Plaintiff therefore brings this class action to secure, among other things, equitable relief and damages for the Class against POSTMATES for false and misleading advertising in violation of NEW YORK'S GENERAL BUSINESS LAW § 349.

## V. CLASS ACTION ALLEGATIONS

27. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

28. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **all Manhattan persons who have viewed Postmate's "Anything. Anytime. Anywhere." advertisement and who did not sign up for Postmate's Service, during the period extending from January 15, 2012, through and to the filing date of this Complaint.**

29. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified. Excluded from the Class are governmental entities, Defendant, any entity in which

Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

30. Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the New York statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

31. All members of the Class and any subclass were and are similarly affected by the deceptive labeling of the Service, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

32. Based on the annual sales of the Service and the popularity of the Service, it is apparent that the number of people in New York in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

33. Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

    a. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Service were unfair, deceptive and/or unlawful in any respect, thereby violating NEW YORK'S GENERAL BUSINESS LAW § 349;

    b. Whether Defendant's conduct as set forth above injured people in New York and if so, the extent of the injury.

34. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the

members of each.

35. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

36. Plaintiff's counsel with its staff and advisors is competent and experienced in both consumer protection and class action litigation.

37. Certification of this class action is appropriate under Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

38. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

39. Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes. Further, given the large number of people in New York, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

40. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

41. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. CAUSE OF ACTION:
## VIOLATION OF NEW YORK'S
## GENERAL BUSINESS LAW § 349

42. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

43. Plaintiff is informed and believes, and thereon alleges, that Defendant engaged in extensive marketing and advertising, including, but not limited to, print, electronic media, television, internet, and direct marketing through agents, to promote and sell the Service as being able to deliver "Anything. Anytime. Anywhere." when it is not, because it cannot deliver from specific local NYC vendors.

44. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to New York's General Business Law § 349, which provides. "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful" – Defendant's act or practices are deceptive if they are (i) consumer-oriented and misleading in a material respect, and (ii) caused injury to Plaintiff(s). Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (N.Y. 2000).

45. Defendant committed unfair deceptive business acts and/or practices. Defendant and its related entities represent themselves as being a reputable, reliable delivery service of food products. However, the utility of Defendant's practices related to the delivery, marketing,

and distribution of the Service for the purpose of selling is negligible, if any, when weighed against the economic harm to the general public, Plaintiff, and members of the Class.

46. Defendant committed a deceptive act or practice which has a capacity, tendency, and/or likelihood to deceive or confuse reasonable people in that such people had a good faith basis for believing the Services were marketed, distributed, and sold in a reliable manner, consistent with the standards of Defendant's industry.

47. Defendant's practices related to food delivery, marketing, and distribution of the Services for the purpose of selling, in such manner as set forth in detail above, constitute unfair and/or deceptive business. Plaintiff and members of the general public were and are likely to be deceived by Defendant as set forth herein.

48. Plaintiff, on behalf of himself and members of the general public, seeks an order of this Court:

(a) Enjoining Defendant from continuing to engage, use, or employ any unjust, unfair and/or deceptive business acts or practices related to food delivery, marketing, and distribution of the Services for the purpose of selling in such manner as set forth in detail above; and

(b) Restoring all monies that may have been acquired by Defendant as a result of Such unjust, unfair and/or deceptive acts or practices.

(c) Granting punitive damages to deter Defendant and future Defendants.

49. Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. The unfair and/or deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the general public.

50. The harmful impact upon members of the general public and the Class who purchased and used the Products for their intended and foreseeable purpose far outweighs any reasons or justifications by Defendant for their practices related to food delivery, marketing, and distribution of the Services for the purpose of selling. Defendant had an improper motive (profit before accurate marketing) in their practices related to food delivery, marketing, distribution, and sale of the Services, as set forth in detail above.

51. The utilization of such unfair business acts and practices was and is under the sole control of Defendant, and was fraudulently and deceptively hidden from members of the general public in their labeling, advertising, promotion and/or marketing of the Services.

52. Plaintiff is entitled to and does bring this class action seeking all available remedies under New York's General Business Law, including declaratory, injunctive, and other equitable relief, as well as attorneys' fees and costs.

53. As a result of Defendant's violation of New York's General Business Law, moreover, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm. Plaintiff and members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation and Plaintiff and members of the Class are entitled to interest in an amount according to proof.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action,

certifying Plaintiff as representative of the Class, and designating him counsel for the Class;

    2. For an award of equitable relief as follows:

    (a) Enjoining Defendant from making any claims on the Service found to violate the New York General Business Law;

    (b) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint; and

    (c) Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described in this Complaint.

    3. For actual and punitive damages to be determined at trial;

    4. For reasonable attorney's fees;

    5. For an award of costs;

    6. For any other relief the Court might deem just, appropriate, or proper;

    7. For pre- and post-judgment interest on any amounts awarded; and

    8. For distributions of the action.

## VIII. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

**Respectfully Submitted,**

Dated: September 2, 2021       By: /s/ Joann Feld

        Joann Feld, Esq.

        New York Bar No.: 1817071

        *joann.feld@gmail.com*

        44 Seward Drive

        Dix Hills, NY  11746

        (908) 610-5536

        *Attorney for Plaintiff and the Proposed Class*