**JOANN FELD**
**ATTORNEY AT LAW**
**Member NY, FL & NC Bars**

*44 Seward Drive*                                                                                                    *Phone 1-631-493-9464*
*Dix Hills, NY  11746*                                                                                               *Fax 1631-493-9477*

October 28, 2021

Hon. Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    *Plaintiff v. Postmates, Inc.*, Case No. 1:21-cv-7382-GHWKHP

Dear Judge Parker:

        We represent Plaintiff Alvan Bobrow ("Plaintiff") in the above-captioned action. We write, pursuant to Rule III.b of Your Honor's Individual Practices in Civil Court, to respond to the request filed by Postmates, LLC ("Defendant") for a pre-motion conference or leave to file a motion to dismiss the putative class action complaint (the "Complaint") filed by Plaintiff, which we received on Monday, October 25, 2021, at 5:23PM EST (the "Letter Motion").

        While Plaintiff does not allege that he was a Defendant customer or that he ever placed an order through Defendant, see Compl. ¶ 28 (purporting to represent a class of "Manhattan persons" who "did not sign up for Postmates' Service"), Plaintiff was injured (as discussed below) by Defendant's advertisement that was materially misleading and likely to deceive a reasonable person in Manhattan and displayed the inducement, "Anything. Anytime. Anywhere" (the "Ad"), which meets the elements of a claim of deceptive practices under GEN. BUS. L. § 349 ("Section 349") because Defendant does not always "allow delivery of anything, anytime, or anywhere in Manhattan, New York." *Id*. ¶ 1. *See Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000) (finding that a deceptive practice, however, need not reach the level of common-law fraud to be actionable under Section 349, and that a plaintiff need not necessarily prove pecuniary harm).  Section 349 is intended to "empower consumers; to even the playing field in their disputes with better funded and superiorly situated fraudulent business," and here Defendant is part of a multi-billion-dollar business that impacts millions of consumers daily while Plaintiff is a consumer. *See Teller v. Bill Hayes, Ltd.*, 630 N.Y.S.2d 769, 744 (2d Dep't 1995).

        As set forth below, the Court should dismiss the Motion to Dismiss the Complaint that Defendant will file because Plaintiff has adequately plead that the Ad injured Plaintiff and that the Ad was deceptive or misleading. Plaintiff reserves the right to amend the Complaint under Federal Rules of Civil Procedure, Rule 15(a)(1) to include more detailed factual accounts of Plaintiff's injuries.

        **A. <u>The Ad Did Injure Plaintiff</u>**

        The Complaint should not be dismissed because the Ad did injure Plaintiff. To state a Section 349 claim, a plaintiff must plead that the alleged deceptive conduct caused the plaintiff injury. Here, contrary to Defendant's claims, Plaintiff does allege injury resulting from the Ad beyond the alleged deceptive act or mere confusion. *See* Compl. ¶ 3, 7 ("Plaintiff viewed, was injured by, and deceived by, POSTMATE's

advertisements in this judicial district."; "Plaintiff and members of the Class have been economically damaged by the false advertising, "Anything. Anytime. Anywhere."").

Since the filing of the Letter Motion, the Plaintiff has further elaborated on his injuries. Plaintiff has provided that Plaintiff is an attorney who bills an above average rate and has lost time, lost wages and lost opportunity from the materially misleading Ad that caused him to spend valuable time researching, sharing, and gaining an opinion of the Defendant's services, that can be better elaborated upon in the Complaint. As part of the amended Complaint Plaintiff may file, Plaintiff has provided he made calls to and communicated with others about the Defendant, searched the Defendant's website and other sources, and researched Defendant's service to his detriment, which would not have occurred but for the materially misleading Ad.

These damages are similar to *Beslity*, where the Court held that plaintiff who travelled to a car show room by a deceptive advertisement was equally injured by the expense of his commute to the showroom, because Plaintiff similarly "travelled" to the Defendant's website and took other actions that had a cost that would not have occurred but for Defendant's Ad. *See Castillo v. 189 Sunrise Hwy Auto, LLC*, 66 Misc. 3d 127(A), 119 N.Y.S.3d 817 (N.Y. App. Term. 2019) citing *Beslity v. Manhattan Honda, a Div. of Dah Chong Hong Trading Corp.*, 120 Misc. 2d 848, 467 N.Y.S.2d 471 (App. Term 1983) (holding that a consumer who traveled to car seller's showroom on basis of misleading and deceptive ad suffered injury and was entitled to recover damages under statute, and, having failed to prove actual damages of more than $50, consumer was entitled to recover only that amount.); s*ee also Fritz v. Resurgent Cap. Servs., LP*, 955 F. Supp. 2d 163 (E.D.N.Y. 2013) (finding actual injury where the complaint alleged damages which included "time spent and costs incurred by consumers…"); *see also In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372 (S.D.N.Y. 2017), *modified on reconsideration*, No. 14-MC-2543 (JMF), 2017 WL 3443623, at *9 (S.D.N.Y. Aug. 9, 2017) (concluding that "lost time" is a valid theory of damages).

Plaintiff is willing to amend the Complaint to better state the damages alleged if necessary. However, as noted in the Complaint, there were injuries suffered by Plaintiff that similarly occurred on a class-wide scale that were caused by Defendant and Section 349 provides for a minimum of $50 per violation if greater than the actual damages from a deceptive business practice in New York, and potentially more if it is found that Defendant acted knowingly or willfully, which may be the case here.

Accordingly, the Complaint has adequately alleged injury.

### B. The Ad is Deceptive

The Court should not dismiss the Complaint because, regardless of Defendant's conduct, Defendant's Ad was deceptive. Deceptive acts are those that are "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Stutman,* 95 N.Y.2d at 29 (internal citations and quotations omitted). The Court may evaluate whether conduct is likely to mislead a reasonable customer as a matter of law at the motion to dismiss stage, however, usually such a determination is a question of fact. *See Quinn v. Walgreen Co.*, 958 F.Supp.2d 533, 543 (S.D.N.Y.2013) (*citing* Sims v. First Consumers Nat'l Bank, 303 A.D.2d 288, 289, 758 N.Y.S.2d 284 (1st Dep't 2003)); *Ackerman v. Coca–Cola Co.*, No. CV–09–0395 (JG)(RML), 2010 WL 2925955, at *17 (E.D.N.Y. July 21, 2010); *see also Barton v. Pret A Manger (USA) Ltd.*, No. 1:20-CV-04815 GHW, 2021 WL 1664319 (S.D.N.Y. Apr. 27, 2021) (finding that the question whether food products' label referencing "natural ingredients" and "natural food" when

Hon. Katharine H. Parker
October 28, 2021
Page 3

several ingredients were unnatural and used plants or plant derivatives grown or created from genetically modified organisms (GMO) was actually misleading to a reasonable consumer as a matter of law was a question of fact better suited for the jury, rather than for court to determine on seller's motion to dismiss consumer's claim for false advertising or deceptive business practices under New York law); *M & T Mortg. Corp. v. White*, 736 F. Supp. 2d 538 (E.D.N.Y. 2010) (finding that deceptive conduct that does not rise to level of actionable fraud may also form basis of claim under New York's Deceptive Practices Act, which protects consumers from conduct that might not be fraudulent as matter of law, and relaxes heightened standards required for fraud claim).

A reasonable consumer acting reasonably under the circumstances who saw the Ad, including being in New York City (the city that never sleeps), could reasonably believe, through implication or otherwise, that Defendant could deliver any reasonable product, at any reasonable location, at any hour of the day, especially because there are other courier and delivery businesses in New York City that purport to provide the same or similar service, but who tend to charge a premium for such services and because Defendant has not shown that they use the Ad in any other non-metropolitan jurisdiction, which may evince knowing or willful conduct. Any reasonable consumer in New York City would know that professional delivery services are not completely limited by, among other things: (a) any specific merchant or known list of merchants; (b) the items sold by a single merchant; (c) the merchants' hours of operation; and (d) the users' location so long as they are in New York City.

Therefore, based on the Ad and its reasonable implications, a reasonable consumer in New York City acting reasonably would therefore believe that a customer of Defendant could obtain, pursuant to the Ad, (i) any product that could reasonably be believed to able to be delivered and in New York City (ii) at any reasonable time, and (iii) at any reasonable place in New York City.

Moreover, a claim relating to the Ad is actionable as a matter of law because, as Plaintiff provided after we received the Letter Motion and can include in the amended Complain if necessary, it was not clear to Plaintiff that Plaintiff would not be required to sign-up for the Service by searching for a list of vendors, and Defendant did not disclose the vendor list as a matter of fact (only the option to search the list), which Plaintiff is aware could cause him to waive most of his rights if he unknowingly signed up for Defendant's service.  Disclosure of an act or practice can be sufficient to show that act or practice is not misleading, but courts have held that the existence of a disparity in bargaining power can defeat this. *See, e.g., Negrin v. Norwest Mortgage, Inc.*, 700 N.Y.S.2d 184, 193 (2d Dep't 1999).  Plaintiff was careful not to take any action that would or could waive any of his rights pursuant to well-known arbitration clauses frequently used by Defendant and other large technology companies.

Accordingly, the Complaint has adequately alleged the Ad was deceptive.

*   *   *

For these reasons, Plaintiff requests the dismissal of any motions to dismiss the Complaint that will be filed by the Defendant and the submission to a jury of New York City residents the questions of fact pertaining to the claims against Defendant.

Plaintiff will attend the conference scheduled for Tuesday, November 2, 2021, at 10:30AM EST.

Hon. Katharine H. Parker
October 28, 2021
Page 4

      Respectfully,

      /s/ Joann Feld

cc:    Casey D. Laffey, Esq. (*via ECF*)
       Ian Turetsky, Esq. (*via ECF*)